IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| M.S., | : |
|     Plaintiff, | : |
| v. | : Case No: 3:21-cv-00002-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : |
|     Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The claimant bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1)(A). In addition to meeting the requirements of the statute, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id*. § 404.1520(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id*. § 404.1520(a)(4)(ii). A claimant must have a "severe impairment," which is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id*. § 404.1520(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Subpart P to Part 404 of the Regulations (the "Listing"). *Id*. § 404.1520(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id*. § 404.1520(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. § 404.1520(a)(4)(v). In

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id*. § 404.1523(c). The Commissioner's failure to apply correct legal standards to the evidence is ground for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

On October 4, 2018, Plaintiff filed an application for disability insurance benefits, alleging that he became disabled to work on April 1, 2017. His claim was denied initially on January 16, 2019, and upon reconsideration on May 1, 2019. Tr. 15. He timely requested an evidentiary hearing before an ALJ on May 15, 2019, and one was held on March 30, 2020. Tr. 15, 27. Plaintiff appeared with his attorney and testified, as did an impartial vocational expert ("VE"). Tr. 15. At the hearing, Plaintiff amended his alleged onset of disability date to September 6, 2017. Tr. 31-32. On April 9, 2020, the ALJ issued an "unfavorable" decision denying Plaintiff's claim for benefits. Tr. 12-25. Plaintiff sought review by the Appeals Council but was denied on November 10, 2020. Tr. 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying his application for benefits. His case is ripe for review. 42 U.S.C. § 405(g).

## STATEMENTS OF FACTS AND EVIDENCE

In conducting the five-step sequential analysis of Plaintiff's claim as mandated by the Commissioner's regulations, the ALJ found, at step one, that Plaintiff's insured status ended after June 30, 2018. Finding 1, Tr. 17. The applicable period under consideration

4

is from his alleged onset date of September 6, 2017—as amended at the evidentiary hearing—until his date last insured of June 30, 2018, slightly less than ten months. The ALJ found at step two that Plaintiff had not engaged in "substantial gainful activity" as defined by the applicable regulations. Finding 2, Tr. 17; 20 C.F.R. § 404.1571 *et seq*. At step three, the ALJ found that although Plaintiff has medically determinable impairments of benign hypertension, mild obesity, degenerative disc disease, foot pain, gout, and headache, these impairments alone or in combination are not "severe." Findings 3-4, Tr. 17-18. The ALJ thus found Plaintiff to not be disabled to work. Finding 5, Tr. 20.

## DISCUSSION

"Severe" impairments are those impairments which significantly limit a claimant's capacity or ability to perform basic work activities. *Gray v. Comm'r of Soc. Sec.,* 426 F. App'x 751, 753 (11th Cir. 2011) (per curiam). Impairments which are amenable to medical treatment and have only a minimal effect on ability to work are not "severe." *Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir. 1987). Here, the ALJ accurately set out what basic work activities are and then specifically stated that he had considered all symptoms and medical evidence based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p. Tr. 18. In its review of the record evidence the Court concurs with the ALJ's statement except as to Exhibit 1F. This exhibit is extensive, contains relevant medical evidence, but was summarily dismissed by the ALJ without review or discussion. The Commissioner urges the Court to adopt a harmless error analysis but since the ALJ decided against Plaintiff at step two and ended the evaluation of his claim, that is untenable and the Court declines to do so.

## CONCLUSION

For the foregoing reasons, the Court remands Plaintiff's application for disability insurance benefits to the Commissioner for further proceedings consistent with this opinion.

SO ORDERED, this 12th day of April, 2022.

/s/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE